# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3377 | **DATE** | 2/14/2011 |
| **CASE TITLE** | Insoftvision, LLC vs. MB Financial Bank, N.A. | | |

**DOCKET ENTRY TEXT**

MB Financial Bank, N.A.'s motion for leave to file its first amended counterclaim against Insoftvision, LLC (corrected) [74] is granted. The duplicate motion filed on 12/30/10 [72] is denied as moot. No court appearance is required on 2/16/11.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

     Insoftvision, LLC hired ICS Technology ("ICS") and Lanka Bharath Reddy ("Reddy") to set up Insoftvision's information technology systems. According to ICS, after the work was completed, ICS issued three invoices to Insoftvision between September and November 2008, for a total of $1.1 million (the "2008 invoices"). According to Insoftvision, Reddy hacked into Insoftvision's computer system and directed Insoftvision's bank, MB Financial, to wire $1.1 million of Insoftvision's funds to ICS. ICS received the money, and credited it to the 2008 invoices.

     A flurry of court filings ensued. Insoftvision filed suit against MB Financial, seeking a refund of the transferred funds. MB Financial filed a third-party complaint against ICS, Reddy, and Reddy's wife, seeking judgment against these parties in the event MB Financial is found liable to Insoftvision. ICS filed a counterclaim against Insoftvision, which it later amended to seek contribution in the amount of $1.1 million for the 2008 invoices, in the event that Insoftvision prevails on its claims against MB Financial, and MB Financial prevails on its claims against ICS.[1] Over Insoftvision's objection, the Court previously granted MB Financial leave to file a counterclaim against Insoftvision, to collect on ICS's 2008 invoices under the law of restitution and/or subrogation in the event that Insoftvision prevails on its claim against MB Financial.

     Now before the Court is MB Financial's motion for leave to amend its counterclaim against Insoftvision. MB Financial states that on December 28, 2010, ICS conveyed to MB Financial a joint, undivided interest in ICS's 2008 invoice claims described in ICS's amended counterclaim against Insoftvision. MB Financial moves for leave to add a second count to its counterclaim, in which it would seek to collect on ICS's claim relating to the 2008 invoices as an assignee (as opposed to as a subrogee, as is already alleged in the first count of MB Financial's counterclaim).

     The Court must freely give leave to amend a pleading, "when justice so requires." *See* Fed. R. Civ. P.

| STATEMENT |
|---|

15(a)(2). However, the Court may deny a motion to amend a pleading if the movant "has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). Insoftvision does not argue that it would suffer undue prejudice if the amendment is allowed, or that MB Financial unduly delayed in filing the motion; rather, Insoftvision appears to take the position that the amendment would be futile.

First, Insoftvision argues that the proposed new count is not ripe for adjudication because MB Financial's damages are contingent on the occurrence of the following series of events: (1) Insoftvision's success on its claim against MB Financial; (2) MB Financial's success on its claim against ICS; and (3) ICS's payment in satisfaction of that judgment. According to Insoftvision, because ICS is currently in possession of the disputed $1.1 million, ICS has no present claim for payment on its 2008 invoices. Thus, MB Financial's claim for payment on the ICS invoices cannot become ripe unless ICS returns the $1.1 million.

The rationale of the ripeness doctrine is to "prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967). In evaluating whether a claim is ripe for adjudication, the Court considers: (1) the fitness of the issue for judicial decision and (2) the hardship to the parties of withholding court consideration. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003).

MB Financial argues that its proposed counterclaim is analogous to a third-party claim under Federal Rule of Civil Procedure 14(a). Rule 14(a) permits a defending party to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it," even though such claims may be contingent on future events. Rule 14 is designed to:
> avoid circuity of actions and to expedite the resolution of secondary actions arising out of or in consequence of the action originally instituted. The rule guarantees consistent results, saves the time and cost involved in the needless repetition of evidence at a subsequent trial, and prevents the defendant in the original action from being handicapped by the time which may elapse between a judgment against him and a judgment in his favor against the [third party].

*Colton v. Swain*, 527 F.2d 296, 299 (7th Cir 1975).

The Court agrees that MB Financial's proposed addition to its counterclaim is sufficiently fit for judicial decision in the same action as the other claims that have been brought here. Resolving all of these interrelated claims in the same action will promote consistent results and judicial economy, and will avoid the delay that would result if MB Financial had to bring its claim in a separate action following a judgment in this case. Accordingly, the Court concludes that MB Financial's proposed counterclaim is ripe for adjudication.

Insoftvision next argues that MB Financial's motion to amend its counterclaim should be denied because the proposed new count is based on an invalid assignment. Insoftvision argues that ICS's assignment of a joint interest in ICS's 2008 invoice claims to MB Financial was invalid because it did not assign ICS's whole interest in those claims. The Court concludes that this issue is better addressed at a later stage of litigation. The issues relating to ICS's 2008 invoices are already being litigated in this case through ICS's contribution claim against Insoftvision, and therefore it is logical to defer addressing MB Financial's interest in that claim until the factual record has been fully developed.

Finally, Insoftvision takes issue with MB Financial's proposed claim for setoff, in which MB Financial alleges: "If Insoftvision prevails in its claims against MB Financial and MB Financial prevails in its

|  |
|---|
| **STATEMENT** |
| claims against ICS, any judgment in favor of Insoftvision against MB Financial in this action will be offset by MB Financial's judgment against Insoftvision hereunder." Insoftvision characterizes this claim for setoff as "inappropriate and procedurally improper" because MB Financial has no claim of its own against Insoftvision to offset, because Insoftvision's and MB Financial's claims against each other do not relate to debts that are mutual, and because MB Financial's counterclaim is a "possible future contingent liability." As with Insoftvision's challenge relating to the assignment, the Court finds that resolution of this issue is better left for a later stage of litigation.  *[signature: George W. Lindberg]* |

1. In its counterclaim, ICS also alleges a breach of contract claim against Insoftvision in which it seeks judgment for five additional invoices issued between December 30, 2008 and April 30, 2009, totaling $903,440.