# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3377 | **DATE** | 4/8/2011 |
| **CASE TITLE** | Insoftvision, LLC vs. MB Financial Bank, N.A. | | |

**DOCKET ENTRY TEXT**

Defendant MB Financial's motion for an order to show cause why subpoena respondent Forensicon, Inc. and Lee M. Neubecker should not be held in contempt of court [85] is denied. MB Financial's motion to bar evidence relating to Forensicon, Inc. at trial [104] is denied. MB Financial and Insoftvision are ordered to each bear half of Forensicon's reasonable deposition fees, which are set at $450 per hour.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

According to plaintiff Insoftvision's complaint, Lanka Bharath Reddy hacked into Insoftvision's computer system and directed Insoftvision's bank, defendant MB Financial, to wire $1.1 million of Insoftvision's funds to ICS Technology. In its responses to MB Financial's interrogatories, Insoftvision stated that before it initiated this litigation, it retained Forensicon, Inc., a computer forensics firm, to conduct an investigation.

MB Financial served a subpoena and a Rule 30(b)(6) deposition notice on Forensicon. Forensicon's president, Lee Neubecker, appeared for the deposition, but refused to proceed unless Forensicon's hourly fees were paid. MB Financial had paid Forensicon $45 for a witness fee and mileage pursuant to 28 U.S.C. § 1821, but neither MB Financial nor Insoftvision was willing to pay Forensicon's hourly fees for attending the deposition.

MB Financial has moved for an order to show cause why Forensicon and Neubecker should not be held in contempt for failing to comply with the subpoena. In the alternative, MB Financial has moved to bar Insoftvision from presenting evidence at trial relating to Forensicon. MB Financial takes the position that either Forensicon or Insoftvision should bear the cost of the deposition, but that in any event MB Financial is not obligated to pay Forensicon anything beyond the statutory witness fee.

Forensicon responds that Insoftvision is contractually responsible for paying for Forensicon's deposition preparation and attendance. Forensicon states that it was retained by Insoftvision and Everflora Chicago, Inc. under a contract that provided that Forensicon was to be paid $450 per hour for court or deposition appearances. Everflora later filed for bankruptcy protection, and is not a party in this action.

Insoftvision disputes that it was a party to the Forensicon agreement, and denies that it is responsible for paying Forensicon's fees. Insoftvision joins MB Financial in requesting the Court to order Forensicon and Neubecker to comply with MB Financial's subpoena, but asserts that Insoftvision should not be required to pay Forensicon's fees.

The contract at issue states that Forensicon was retained by Hinshaw and Culbertson LLP, for a case matter identified as "Everflora Chicago, Inc. & Insoftvision LLC – Internal Investigation." The contract was signed by

| STATEMENT |
|---|

representatives of Hinshaw, Everflora, and Forensicon; it was not signed by Insoftvision. The contract identifies only Everflora as the "financially responsible party." Insoftvision argues that based on the face of this agreement, Insoftvision is not responsible for paying Forensicon's fees.

Forensicon and MB Financial suggest that Insoftvision and Everflora are alter egos. Forensicon notes that Everflora and Insoftvision share the same address and have the same president, Peter Linney. Forensicon also states, although without support, that Linney requested that Insoftvision be listed as the billing party starting April 28, 2009. As MB Financial observes, Insoftvision repeatedly stated in its interrogatory responses that Insoftvision hired or retained Forensicon to perform the investigation. See Insoftvision's Resp. to MB Financial Bank's First and Second Sets of Interrogs., ¶¶ 6-8.

Although Insoftvision has not designated Forensicon as an expert in this case, it appears that Forensicon is akin to a non-retained expert here. Federal Rule of Civil Procedure 26 defines an "expert" as "any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Like a treating physician who is not retained as an expert witness but nevertheless draws upon his or her training and experience to offer an expert opinion regarding a patient, Forensicon will be offering expert opinions regarding its computer forensics investigation (for example, MB Financial's deposition notice identified as one matter for examination: "[a]ll conclusions Forensicon reached based on the work it performed for Insoftvision"). Accordingly, Forensicon is entitled to a reasonable fee for its deposition. *See Hoover v. U.S.*, No. 01 C 2372, 2002 WL 1949734, at *8 (N.D. Ill. Aug. 22, 2002) (stating that a treating physician is entitled to payment of a reasonable fee for a deposition, even if not retained as an expert). *But see Demar v. U.S.*, 199 F.R.D. 617, 619-20 (N.D. Ill. 2001) (stating that a treating physician is not an expert, and is not entitled to an expert fee for a deposition).

Having determined that Forensicon is entitled to more than merely the statutory witness fee, the Court turns to the question of which party should pay. "Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E). Ordinarily, this would mean that MB Financial should pay Forensicon's reasonable fees. However, whether or not Insoftvision was a party to the Forensicon contract, Insoftvision has benefitted from Forensicon's services (apparently at no cost to Insoftvision, if the Court accepts Insoftvision's arguments), and will continue to do so if it uses the results of Forensicon's investigation at trial. Accordingly, the Court finds that it would be manifestly unjust for MB Financial to bear the entire cost of Forensicon's deposition. Under the unique circumstances of this case, the Court concludes that MB Financial and Insoftvision should each bear half of Forensicon's reasonable fees.

Finally, the Court considers what amount of fees is "reasonable" in this case. The Forensicon contract, which presumably was negotiated at arms-length, sets fees for testimony at $450 per hour. The Court finds that $450 per hour is a reasonable fee in this case.

*[signature]*